E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
DEREK R. FLORES (Cal. Bar No. 304499)
HAOXIAOHAN CAI (Cal. Bar No. 331131)
Assistant United States Attorney
General Crimes Section
     1200 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-4896
                (213) 894-0762
     Facsimile: (213) 894-0141
     E-mail:    Derek.Flores@usdoj.gov
                Haoxiaohan.Cai@usdoj.gov

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>             Plaintiff,<br><br>             v.<br><br>MELINDA ROMINES and SE'AIRA<br>BENSON,<br>    aka "Relli,"<br><br>             Defendants. | No. 20-CR-69-CJC<br><br>GOVERNMENT'S MOTION FOR AN ARREST<br>WARRANT OF MATERIAL WITNESS T.M.,<br>MEMORANDUM OF POINTS AND<br>AUTHORITIES, DECLARATION OF ATF<br>TFO JOHN HACKMAN |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Derek R. Flores and Haoxiaohan Cai, and as directed by the Court, moves this Court for an order to detain T.M. as a material witness in the above-captioned case pursuant to 18 U.S.C. § 3144:

This motion is based on the attached memorandum of points and authorities, the attached declaration of ATF TFO John Hackman, the declaration of Victor Sherman, counsel to defendant Melinda Romines,

Dkt. 220, the files and records of this case, and on such further evidence or argument the Court may allow.

Dated: October 27, 2023

Respectfully submitted,

E. MARTIN ESTRADA
United States Attorney

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division


_____/s/_____
DEREK R. FLORES
HAOXIAOHAN CAI
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

Under 18 U.S.C. 3144, where it appears by affidavit that "the testimony of a person is material in a criminal proceeding," and where it is "shown that it may become impracticable to secure the presence of the person by subpoena," the Court may order the arrest of the person and treat him in accordance with 18 U.S.C. § 3142.[1]

Based on the defendant Romines's intention to present a defense that she was entrapped by T.M., a former confidential informant, and the Court's October 27, 2023 minute order finding T.M. a material witness and directing the government to file the instant application, the government moves under Section 3144 for a warrant for T.M.'s arrest. (Dkt. 219 ("[T.M.] is a material witness in this case."))[2] The declaration submitted by Mr. Victor Sherman, counsel for Defendant Romines, Dkt. 220, sets forth sufficient facts to find that the testimony of T.M. is material to defendant Romines's entrapment defense.

Section 3152 makes clear that when the government believes that the normal subpoena process will not secure the presence of a witness to a crime, it may apply to the court for conditions to be imposed on the release of that person, pursuant to 18 U.S.C. § 3142. The declaration of ATF TFO Hackman, filed concurrently hereto, sets forth facts showing the government's attempt to serve defendant Romines's trial subpoena on T.M. and T.M.'s failure to make

---

[1] Section 3142 requires the Court to order that, pending trial, the person be either (1) released on personal recognizance, an unsecured appearance bond, a secured appearance bond, or (2) detained. 18 U.S.C. § 3142(a)(1) and (4).

[2] The Court also ordered the government provide a form AO-443 with personal information about T.M.  The government has provided this form to the Court.

him/herself available for personal service.   Despite verbally acknowledging his receipt of the defense subpoena from TFO Hackman, T.M. has failed to disclose his whereabouts and, after agreeing to meet up with TFO Hackman at a police station on October 25, 2023, failed to communicate or show up to receive the subpoena in person.

It has become clear that it is impracticable to secure T.M.'s presence by subpoena.  In United States v. Hart, 546 F.2d 798, 800-01 (9th Cir. 1976), the Ninth Circuit held that the government was required to use "reasonable efforts" to produce at trial material witnesses, taking into account the history and attitude of such witnesses.  The court noted that the detention of material witnesses has been found appropriate in those cases where "[e]very self-interest [of the witnesses] was on the side of their fleeing the jurisdiction." Id. at 800.

In the present case, T.M. has taken actions suggesting he may make him/herself unavailable for trial.  Because T.M. may desire to avoid the compulsory process of the court, T.M. must be designated as material witness.

In light of the above, the government moves this Court to issue an arrest warrant for T.M. as a material witness and to order detention or an appropriately stringent set of bond conditions sufficient to guarantee T.M.'s appearance at trial, currently scheduled to commence November 7, 2023.

**DECLARATION**

I, John Hackman, declare as follows:

## I.    INTRODUCTION

1.    I am a Task Force Officer ("TFO") with the United States Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"). I am also a Los Angeles Police Department ("LAPD") Officer, and I have been so employed for approximately thirteen and a half years. I am currently assigned to the Metropolitan Division Crime Impact Team and am tasked with investigating serial crimes, violent crimes, and crimes involving weapons. I was previously assigned as a Gang Enforcement Officer at the Southwest and Devonshire Divisions of LAPD.

2.    I am the case agent in the ATF investigation into defendants Melinda Romines and Se'ira Benson.

3.    This declaration is made pursuant to 18 U.S.C. § 3144 and in support of the government's motion for designation and detention or appropriately stringent bond conditions for T.M., a former ATF CI involved in the investigation against the defendants.

## II.  ATTEMPTS TO SERVE T.M. WITH DEFENDANT ROMINES'S TRIAL SUBPOENA

5.    Based on my review of law enforcement reports, conversations with other law enforcement agents, and my own knowledge of the investigation, I am aware of the following:

a.    After the previous trial date of February 2023 was vacated, I contacted T.M. to advise that he/she may need to testify in the upcoming trial of defendants Romines and Benson and directed T.M. to keep me updated of his/her phone number.  I would periodically check in with T.M. over phone to confirm that T.M. maintained the same phone number known to the ATF.

b.   On approximately October 11, 2023, I received from the United States Attorney's Office a subpoena issued by the Law Office of Victor Sherman, defendant Romines's counsel, addressed to T.M., directing him to appear on November 7, 2023 to testify.  I contacted T.M. over phone that same day to set up a time to serve the subpoena on him.  T.M. said he/she was either living in or visiting Idaho and would not provide me with an address of his/her location.

c.   On approximately October 17, 2023, I texted T.M. with an image of the defense subpoena and followed up the subpoena with a telephone call.  I advised T.M. of the potential severe consequences of not responding to a court-ordered subpoena.  T.M. verbally advised me that he/she had received the subpoena and he would appear.  I then asked T.M. to send me a text message confirming receipt of the subpoena.

d.   On approximately October 18, 2023, I sent T.M. a text message, again asking him to acknowledge the text containing the defense subpoena.  T.M. did not reply to me.  I directed T.M. to call me, and then tried to dial T.M.  My call went to voicemail.  I then conducted additional phone calls but they did not go through that day.

e.   During the week of October 23, 2023, T.M. began contacting me from a different phone number than T.M. previously used.  I queried this new number to attempt to find an address for T.M. but was met with negative results.  Based on my query, it appeared that T.M.'s new number did not have a subscriber and was consistent with a voice over internet provider (VOIP) phone line.

f.   I was able to have telephone conversations with T.M. during the week of October 23, 2023 and I advised T.M. of the

ramifications if he/she did not attend court, including that the judge had indicated that it may issue a warrant for T.M.'s arrest if he/she did not make him/herself available to receive the subpoena. T.M. appeared to understand the consequences of not attending court and agreed to meet with me the afternoon of October 25, 2023.  T.M. said he/she was not able to meet prior to October 25, 2023 because he/she was out of town on a camping trip with family.

   g.   On October 25, 2023, T.M. advised me over the phone that T.M. was on his/her way to meet me at around 1:00 p.m.  I waited for T.M. and attempted to call him/her but did not reach T.M.   T.M. failed to show up at the pre-determined location where we were supposed to meet for me to hand T.M. the trial subpoena.

   h.   On October 26, 2023, I used department resources to locate an address in Woodland Hills previously affiliated with T.M.'s spouse.  At 2:00 p.m., I surveilled the address and did not observe any vehicle in the drive way and it appeared there was no one at the residence.   I later spoke with LAPD Sergeant Joe Bain, who I had solicited for help to serve T.M.  Based on LAPD Topanga Division officers's efforts, I understand that LAPD responded to the address and made numerous attempts knocking on the door and were met with no response.  Officers spoke to neighbors and showed them a photograph of T.M.  A neighbor recognized the photo but advised that the family moved out approximately one and a half or two months prior, and that the residence had been empty since.  Officers left a business card at the residence asking for anyone at the residence to contact me.

//

//

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration is executed at Los Angeles, California, on October 27, 2023.

/s/ John Hackman

TASK FORCE OFFICER JOHN HACKMAN
BUREAU OF ALCOHOL, TOBACCO,
FIREARMS AND EXPLOSIVES